**SIGNED this 7 day of June, 2021.**

**John T. Laney, III
United States Bankruptcy Judge**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **DARREN E. BRYANT** | ) | **CHAPTER 12 BANKRUPTCY** |
| **AKA DARREN BRYANT FARMS,** | ) | |
| | ) | |
| Debtor. | ) | **CASE NO. 20-70789-JTL** |
| | ) | |
| | ) | |

**MEMORANDUM OPINION ON MOVANT'S
MOTION FOR ADEQUATE PROTECTION OR
IN THE ALTERNATIVE FOR RELIEF FROM
THE AUTOMATIC STAY**

This matter comes before the Court on the motion for adequate protection or, in the alternative, for relief from the automatic stay filed by the Movant, Regions Bank. After considering the Movant's arguments, this Court finds that the Movant is not entitled to the relief sought. The Court, therefore, denies the Movant's motion for adequate protection and in the alternative motion for relief from the stay.

1

I. **PROCEDURAL POSTURE AND FACTS PLED**

The facts of this case are undisputed by the parties. Darren Eugene Bryant, the Debtor, previously filed for Chapter 11 protection on November 6, 2017. *Darren E. Bryant aka Darren Bryant Farms*, 17-71231, Chapter 11 Voluntary Pet., ECF No. 1. On November 17, 2017, the Debtor assumed the duties of the Trustee under § 704(a)(8). *Darren E. Bryant aka Darren Bryant Farms*, 17-71231, Chapter 11 Voluntary Pet., ECF No. 1. The Movant filed a proof of claim for $2,635,307.06 including a secured claim for $500,000.00. *Darren E. Bryant aka Darren Bryant Farms*, 17-71231, Claim No. 25. On December 31, 2018, the Debtor proposed a Chapter 11 plan, and on June 24, 2019, the Movant objected to confirmation. *Darren E. Bryant aka Darren Bryant Farms*, 17-71231, Chapter 11 Plan, ECF No. 164; *Darren E. Bryant aka Darren Bryant Farms*, 17-71231, Obj. to Confirmation, ECF No. 234. The Debtor and Movant resolved the Movant's objection through a consent order signed July 16, 2019. *Darren E. Bryant aka Darren Bryant Farms*, 17-71231, Consent Order for the Obj. to Confirmation, ECF No. 242. The Debtor's plan was confirmed on August 7, 2019 and the case was closed August 30, 2019. *Darren E. Bryant aka Darren Bryant Farms*, 17-71231, Order Confirming Chapter 11 Plan, ECF No. 257. *Darren E. Bryant aka Darren Bryant Farms*, 17-71231, Chapter 11 Individual Final Decree; Case Closed, ECF No. 259. The parties do not dispute the Debtor's Chapter 11 plan achieved substantial consummation. Hr'g Held, ECF No. 110.

The Debtor filed for Chapter 12 protection on October 7, 2020. Chapter 12 Voluntary Pet., ECF No. 1. The Movant filed a proof of claim for $2,515,673.21 including a secured claim for $177,356.30. Claim No. 19. On December 29, 2020, the Movant filed a motion for adequate protection and, in the alternative, a motion for relief from the stay. Mot. for Relief from the Stay, ECF No. 43. The Movant claims relief based on its security interest evidenced by financing statements filed in Coweta County, Georgia under the names "Darren E. Bryant" and "Darren E Bryant." Trustee's Supp'ng Brief, ECF No. 99. The Chapter 12 Trustee, Walter Kelley, objected to the Movant's motion on January 19, 2021. Trustee's Resp. ECF No. 53. The Court heard arguments from the parties and took the matter under advisement on June 25, 2021. Hr'g Held, ECF No. 110.

## II. FINDINGS OF FACT AND LEGAL ANALYSIS

The Trustee opposes the motion because he questions the effectiveness of the Movant's lien. Trustee's Supp'ng Brief, ECF No. 99. The Movant argues the lien is valid and the Trustee is barred from bringing this argument by the doctrines of res judicata and judicial estoppel. Hr'g Held, ECF No. 110. The Movant also argues the Debtor's case was filed in bad faith. Mot. for Relief from the Stay, ECF No. 43. The Court finds the Trustee's evidence regarding the invalidity of the Movant's liens persuasive and the Movant's arguments of res judicata and estoppel uncompelling. The Court also finds no evidence the Debtor's case was filed in bad faith. Therefore, the Court denies the Movant's motion for adequate protection and, in the alternative, motion for relief from the stay.

### a. The Trustee Presented Strong Evidence of the Invalidity of the Movant's Lien.

The Trustee objects to the Movant's motion because he argues the name of the Debtor as listed on the Movant's financing statement was seriously misleading. Trustee's Supp'ng Brief, ECF No. 99. On its financing statements, the Movant lists the Debtor's name as "Darren E Bryant" or "Darren E. Bryant." Trustee's Supp'ng Brief, ECF No. 99.  The Debtor had a validly issued Georgia driver's license that listed his name as "Darren Eugene Bryant." Trustee's Supp'ng Brief, ECF No. 99.  The Trustee argues that, because the Movant's financing statements did not appear in a search using the Georgia Superior Court Clerks' Cooperative Authority's standard search logic, the Movant is not entitled to relief from the stay. Trustee's Supp'ng Brief, ECF No. 99. This Court agrees.

Under Georgia law, a financing statement is required to perfect a nonpurchase money security interest in personal property. The financing statement must include the name of the debtor, the name of the secured party or a representative of the secured party, describe the collateral covered by the financing statement, and state the maturity date of the security obligation or state that the obligation is not subject to a maturity date. O.C.G.A. § 11-9-502. The name on the financing statement sufficiently identifies a debtor  "if the debtor is an individual to whom this state has issued a driver's license that has not expired, only if the financing statement provides the name of the individual which is indicated on the driver's license[.]" O.C.G.A. § 11-9-503(a)(4). Georgia law allows for some errors and omissions, stating, "[i]f a

3

search of the records of the filing office under the debtor's correct name, using the filing office's standard search logic, if any, would disclose a financing statement that fails sufficiently to provide the name of the debtor in accordance with subsection (a) of Code Section 11-9-503, the name provided does not make the financing statement seriously misleading." O.C.G.A. § 11-9-506(c).

The Trustee argues that the Debtor's name as listed on the Movant's financing statements does not comply with O.C.G.A § 11-9-503(a)(4). Trustee's Supp'ng Brief, ECF No. 99. This Court agrees. The statute requires that, for the financing statement to be effective, the name must "provide the name of the individual which is indicated on the driver's license." The name as provided on the driver's license states the Debtor's name as "Darren Eugene Bryant."  The Movant argued that the statute merely says the name indicated on the driver's license, not the full name of the debtor, therefore the Movant's financing statement complied with the statute. Hr'g Held, ECF No. 110. This Court finds that argument unpersuasive.

In addressing a similar circumstance, in *In re Pierce*, 581 B.R. 912, 922 (Bankr. S.D. Ga. 2018), the Bankruptcy Court for the Southern District of Georgia was persuaded partially by the instructions on the UCC Form which states the filer should "use [the] exact, full name [of the Debtor]; do not omit, modify, or abbreviate any part of the Debtor's name." Georgia Superior Court Clerks' Cooperative Authority, UCC FINANCING STATEMENT, https://www.gsccca.org/docs/ucc-documents/ucc1.pdf?sfvrsn=7413fc60_4. This Court agrees with the Court's logic in *Pierce*. The UCC-1 form specifically notes that any part of Debtor's name should not be abbreviated. While the Movant attempted to argue that the abbreviation of the Debtor's name still matched the Debtor's driver's license, the Movant abbreviated the Debtor's name from the name on the driver's license despite the explicit instructions to the contrary. Therefore, the name on the financing statement does not match the Debtor's name on the Debtor's driver's license, the Movant's financing statement does not comply with O.C.G.A § 11-9-503(a)(4).

The Court then turns to the Trustee's argument under O.C.G.A. § 11-9-506(c) to address whether the Movant's financing statement is seriously misleading as to render it ineffective. Trustee's Supp'ng

Brief, ECF No. 99. The Court finds that, under Georgia law, it is. The parties do not dispute that a UCC Standard Search of "Darren Eugene Bryant" as stated on the Debtor's driver's license does not disclose the Movant's liens on the property. Hr'g Held, ECF No. 110. The Movant argues that a search that did not include the Debtor's middle name would have disclosed the Movant's lien, therefore, the financing statement is not seriously misleading. This Court is unpersuaded by this argument. Hr'g Held, ECF No. 110.

"The purpose of UCC financing statements is to provide notice to interested third parties that enforceable security interests may exist in the property." *Deere & Co. v. Miller-Godley Auction Co.,* 249 Ga. App. 797, 800 (2001). A third party searching for a lien on potentially encumbered property relies on the system created by the Georgia Superior Court Clerks' Cooperative Authority, the "GSCCCA," to produce results. Whether using the exact search or the stem search, the Georgia UCC Search logic description states, "[w]hen searching for an individual, [the Debtor's] last name and first name are required, [the Debtor's] middle name is optional." Georgia Superior Court Clerks' Cooperative Authority, UCC NAME SEARCH LOGIC, https://search.gsccca.org/UCC_Search/files/UCC_Search_Logic.pdf. Therefore, a proper search done by the guidelines set by the GSCCCA could include a debtor's middle name. Liens that would not be disclosed by a search that includes a debtor's middle name would not be perfected. In this case, a third-party searcher optionally could include the Debtor's middle name, Eugene, when searching for encumbered property, which would not disclose the Movant's lien. Because a search for "Darren Eugene Bryant", a correct search according to the guidelines set by the GSCCCA for liens on the Debtor's property, would not have disclosed the Movant's lien, the Movant's financing statement would qualify as seriously misleading under § 11-9-506(c).

The Court only addresses these arguments in the confines of the Movant's motion for adequate protection and motion for relief from the stay. The Court hesitates to make a final judgement of the validity of the Movant's lien outside of the context of an adversary proceeding. Instead, the Court echoes Judge Davis in the Southern District of Georgia who stated, "when presented with evidence in defense of a motion for relief that strongly supports an inference that the lien might be held invalid in such a

5

proceeding, this court would be compelled to deny the motion and leave the stay in effect for a sufficient time to allow the [parties] to pursue other litigation." *Matter of Rice*, 82 B.R. 623, 626 (Bankr. S.D. Ga. 1987). This Court also adds that adequate protection payments would be inappropriate given the outstanding questions of the lien's validity. Therefore, the Court denies the Movant's motion for relief from the stay and for adequate protection in anticipation of the appropriate procedural forum for the Court to render a final judgement on the validity of the Movant's lien.

### b. The Trustee's Claim is Not Barred by Res Judicata.

The Movant posits two additional arguments as to why the Court should grant its motions for adequate protection and for relief from the stay notwithstanding the validity of the lien: res judicata and judicial estoppel. Hr'g Held, ECF No. 110. The Movant first argues that the consent order signed by the Debtor and the Movant in the previous case prohibits the Trustee from relitigating lien priority in this case according to the principle of res judicata. Hr'g Held, ECF No. 110. The Court disagrees. The Movant signed a consent order in the Debtor's previous case which stated Regions Bank "will retain its liens (which liens have first priority)." *Darren E. Bryant aka Darren Bryant Farms*, 17-71231, Consent Order for the Obj. to Confirmation, ECF No. 242. The Movant argues that this consent order has a preclusive effect against the Trustee's objecting to the Movant's liens. Hr'g Held, ECF No. 110. The doctrine of res judicata provides that "a judgment, once rendered, as [sic] the full measure of relief to be accorded between the same parties on the same claim or cause of action." *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 535 (5th Cir. 1978). Despite the Movant's contentions, res judicata does not apply in this case because the Trustee cannot be considered the "same party" as required by the doctrine.

When addressing the relationship between a previous and subsequent Trustee, in *In re Tzanides*, 574 B.R. 489, 522 (Bankr. D.N.J. 2017), the District Court for the District of New Jersey found that a Trustee in a current case was neither the same party nor in privity with the Trustee in the prior case, and therefore was not barred by res judicata from bringing claims that were settled in a previous case. Much like the Movants in this case, the Debtor in *Tzandies* argued that the Trustee is the successor in interest to

6

the Debtor, therefore, the Trustee inherits the Debtor's interests, including the legal interests on the Debtor. The Court in *Tzanides* disagreed with this argument, quoting the Third Circuit, saying:

> Even though a trustee in bankruptcy has a substantive legal relationship with the pre-bankruptcy debtor, the trustee is not simply the successor in interest to the Debtor: he represents the interests of all creditors of the Debtor's bankruptcy estate. Because the trustee also represents the general creditors' interests, the legal relationship between the trustee and the pre-bankruptcy debtor is incomplete, particularly when the interests of the creditors diverge from those of the debtor.

*Id*. at 520 (quoting *In re Montgomery Ward, LLC*, 634 F.3d 732) (internal citations and quotation marks omitted). This Court agrees. The Trustee was appointed in this case whereas the Debtor served as the debtor in possession in the previous case. The Trustee in this case represents a different group of creditors from the Debtor's previous case with different interests from the previous creditors. The Trustee is a different party for purposes of res judicata, therefore, the consent order signed by the Debtor, as the debtor in possession, and the Movant in the previous case does not bind the Trustee in this case.

      **c. The Trustee's Argument is Not Barred by Judicial Estoppel.**

Finally, the Court turns to the Movant's judicial estoppel claims. The Movant argues that the consent order from the previous case bars the Trustee from litigating an inconsistent position. Hr'g Held, ECF No. 110. The Eleventh Circuit has enumerated three factors for the Court to consider in determining judicial estoppel: "(1) whether the present position is clearly inconsistent with the earlier position; (2) whether the party succeeded in persuading a court to accept the earlier position, so that judicial acceptance of the inconsistent position in a later proceeding would create the perception that either the first or second court was misled; and (3) whether the party advancing the inconsistent position would derive an unfair advantage." *Ward v. AMS Servicing, LLC,* 606 F. App'x 506, 509 (11th Cir. 2015) (citing *New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001)).

In this case, the doctrine of judicial estoppel does not apply. The Trustee cannot take an inconsistent position because the Trustee, as previously discussed, was not a party in the Debtor's original case. The Court cannot find the factors of judicial estoppel without confirming its original finding that the Trustee was not an original party. For example, when considering whether the Trustee has taken a clearly

7

inconsistent position, the Court finds that the Trustee could not take a position in the previous case because the Trustee was never a party and never advanced arguments. Furthermore, the Debtor, as debtor in possession, had different incentives in compromising with creditors, including the Movant, to confirm his Chapter 11 plan. The Debtor's decision to compromise with the Movant in its previous case does not bind a subsequent Trustee, whose role is to represent the general creditors' interest, for purposes of judicial estoppel. It is implausible the Debtor could have foreseen his subsequent bankruptcy filing or the Trustee's future arguments such to gain an unfair advantage. Based on the factors enumerated in *Ward*, the Court does not find judicial estoppel applies to the Trustee's arguments.

### d. The Debtor Did Not File for Chapter 12 Protections in Bad Faith.

The Movant argues in its written motion that the Debtor filed his case in bad faith and thus is not entitled to protection. Mot. for Relief from the Stay, ECF No. 43. The Movant argues that, because the Debtor previously filed for bankruptcy, the Court should find that the Debtor is using successive petitions only to frustrate the Movant's collection efforts. Mot. for Relief from the Stay, ECF No. 43. The Court finds this argument baseless. The Movant first cherry-picks the *In re Kitchens*, 702 F.2d 885, 888–89 (11th Cir. 1983) factors that may be relevant in the Debtor's filing while ignoring at least half a dozen equally important considerations. Mot. for Relief from the Stay, ECF No. 43. The Movant then fails to provide any evidence to support that the Debtor's petition was filed in bad faith under the factors it chose to enumerate. Mot. for Relief from the Stay, ECF No. 43 The Court sees no basis under which the Movant could claim relief under its bad faith argument and denies the Movant's motion.

### III. CONCLUSION

The Court finds that the Movant is not entitled to adequate protection or relief from the stay. The Trustee's claims are not barred by res judicata or judicial estoppel and there is no evidence that Debtor's Chapter 12 filing was in bad faith. Accordingly, this Court will enter an order denying the Movant's motion for adequate protection or motion for relief from the stay.

END OF DOCUMENT